HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MS. JAY FRANK FISCHER,<br><br>    Plaintiff,<br><br>    v.<br><br>THE SALVATION ARMY,<br><br>    Defendant. | CASE NO. C15-5220 RBL<br><br>ORDER DENYING IFP |

THIS MATTER is before the Court on Plaintiff Jay Frank Fisher's proposed complaint and application to proceed *in forma pauperis* [Dkt. #1]. Fisher seeks to sue the Salvation Army for "banning" her from its homeless shelter, without warning and for no specific reason. She also claims that other residents there verbally assaulted her. She seeks damages for bodily harm, pain and suffering, threats, and denial of food and shelter.

The case is one of five[1] proposed complaints Fisher has filed this month.

---

[1] The cases are: *Fisher v. Pierce County Superior Court*, Cause No. 15 cv 5156RBL; *Fisher v. Always Hope Taylor Housing*, Cause No. 15 cv 5212RBL; *Fisher v. American Laser*, Cause No. 15 cv 5213RBL; *Fisher v. The Salvation Army*, Cause No. 15 cv 5220RBL; and *Fisher v Tacoma Police*, Cause No. 15 cv 5221RBL.

ORDER DENYING IFP - 1

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Plaintiff's proposed complaint against the Salvation Army does not meet this standard. Fisher has not identified the basis for this court's jurisdiction over the claim or the defendant, and has failed to identify the basis of her proposed complaint—she has not claimed that any defendant actually violated some duty it owed to her, or describes what that duty is. The civil cover sheet suggests that Fisher claims to be the subject of "discrimination" but the basis for the claim is not in the complaint.

If and to the complaint seeks to assert a constitutional claim, Fisher has not identified what right she claims was violated, or demonstrated how the defendant could be liable for it. Generally, under § 1983, a *person* can be sued for constitutional violations committed under the color of state law. A state and its agencies are not a person under § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997). Additionally, a plaintiff cannot assert a 42 U.S.C. § 1983 claim against any defendant who is not a state actor. *See West v. Atkins*, 487 U.S. 42, 48 (1988). This determination is made using a two-part test: (1) "the deprivation must . . . be caused by the exercise of some right or a privilege created by the government or a rule of conduct imposed by the government;" and (2) "the party charged with the deprivation must be a person who may fairly be said to be a *governmental actor*." *Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 835 (9th Cir. 1999) (emphasis added).

The Salvation Army is not a *person*, and it does not appear to be a *state actor* in any event. For these reasons, the application to proceed *in forma pauperis* is DENIED. Plaintiff shall pay the filing fee or file an amended complaint addressing these deficiencies within 21 days of this Order or the case will be dismissed without further notice.

IT IS SO ORDERED.

Dated this 28th day of April, 2015.

*[signature: Ronald B. Leighton]*

RONALD B. LEIGHTON  
UNITED STATES DISTRICT JUDGE